IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRAVELERS HOME AND MARINE
INSURANCE CO., )
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　)
vs. )
　　　　　　　　　　　　　　　　　　)
JACK TURPIN AND FERN TURPIN )
　　　　　　　　　　　　　　　　　　)
and )　Case No.   14-cv-252-SCW
　　　　　　　　　　　　　　　　　　)
TERRY NELSON, JOHN HOLZER, RON )
DICUS, AL BOND, SCOTT BYRNE, MIKE )
THUSTON, DON BRUSSEL, JR., STEVE )
MEEKS, JOHN FISCHER, KIRK )
VERSEMAN, KEN STRICKER, ROBERT )
CALHOUN, EARL POE, III, RENEE )
BELL, as Trustees of the Carpenter's Health )
and Welfare Fund of St. Louis,

　　　　Defendants.

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

### I.　　Introduction

This matter is before the Court on a Motion to Dismiss for Lack of Jurisdiction filed by Defendants Fern Turpin and Jack Turpin (Docs. 30 and 31). The Trustee Defendants have filed a Response (Doc. 34) in opposition to the motion. The Turpins have filed a Reply (Doc. 37). The Trustee Defendants have filed a Sur-Reply (Doc. 41). The Trustee Defendants have also filed a Motion to Compel Interpleader Funds (Docs. 35 and 36). Travelers has filed a Response (Docs. 43 and 44). The Turpins also filed a Response to the motion (Docs. 48 and 49). The Trustee Defendants have filed a Reply (Doc. 45) as well as a Reply to the Turpins' Response (Doc. 51). Based on the following, the Court **GRANTS** the Turpins' motion to dismiss and **DENIES AS MOOT** the

Trustee Defendants' motion to compel.

## II.     Background

Plaintiff Travelers Home and Marine Insurance Co. filed this petition to interplead funds (Doc. 4) on February 25, 2014.  Travelers seeks to interplead funds pursuant to **Federal Rule of Civil Procedure 22** and be released from further liability under Policy No. 986226507-101-1 as to a motor vehicle accident involving Fern Turpin which occurred on May 6, 2010 (*Id.*).  Travelers indicates that the Turpins have uninsured motorist coverage of $100,000 with Travelers (Doc. 4 at ¶10).  Fern Turpin was involved in a motor vehicle accident with an uninsured motorist on May 6, 2010 (*Id.* at ¶21).  As a result of that accident, Fern Turpin was injured and received extensive medical treatment; the cost of the treatment was advanced out of the Carpenters' Health and Welfare fund in excess of $300,000 (*Id.* at ¶¶ 22, 26, and 9).  The Trustee Defendants claim that the terms of the fund allow them to make a claim against any third-party who may be liable to their members, including a beneficiary's insurance company (*Id.* at ¶¶ 25-26).  Thus, the Trustee Defendants argue that they have an interest in the Turpin's uninsured motorist coverage (*Id.* at ¶ 9).  While Travelers has offered to tender the $100,000 limit to either the Trustee Defendants or the Turpins, the Turpins refuse to consent to the Trustee Defendants making a claim against the insurance policy, nor will they execute an authorization necessary for Travelers to identify any other lien or interest holders (*Id.* at ¶¶ 11-13). Travelers' complaint offers to tender the $100,000 policy limit to the Court and seeks to then be discharged from liability under the policy.   The Turpins have filed a counterclaim arguing that they are entitled to stack their uninsured motorist coverage for each of their vehicles and seek $300,000 on their uninsured motorist policies against Travelers (Doc. 13 p. 4 at ¶ 3).  The Trustee Defendants have also filed a counterclaim against Travelers and a crossclaim against the Turpins for the $100,000

uninsured motorist coverage (Doc. 16).

### III.    Analysis

**A.    Motion to Dismiss**

In response to the complaint, the Turpins have filed the instant motion to dismiss for lack of jurisdiction (Docs. 30 and 31). They argue that Traveler's complaint should be dismissed because the case lacks complete diversity and the Court does not have federal jurisdiction under the **Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001,** *et seq.*

A party may bring an interpleader action under the Federal Rules of Civil Procedure or pursuant to **28 U.S.C. § 1335**. Travelers brought this interpleader petition pursuant to **Federal Rule of Civil Procedure 22**. Rule 22 provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." **Fed.R.Civ.P. 22(a)(1).** However, Rule 22, unlike statutory interpleader under 28 U.S.C. § 1335, does not create jurisdiction; the Court must still have federal subject matter jurisdiction in order to hear an interpleader petition. See also *Commercial Nat'l Bank of Chicago v. Demos*, **18 F.3d 485, 488 (7th Cir. 1994)(noting that Rule 22 "provides a procedural framework for interpleader actions, but it does not confer subject matter jurisdiction on federal courts.");** *St. Louis Union Trust Co. v. Stone*, **570 F.2d 833, 835 (8th Cir. 1978)(jurisdiction for interpleader actions brought under Rule 22 "must be based upon the general jurisdiction statues applicable to civil actions in federal courts").** Thus, Rule 22 requires the existence of a federal question or complete diversity of citizenship between the plaintiff-stakeholder and the defendant-claimants and, for diversity purposes, an amount in controversy in excess of $75,000.

Travelers' complaint indicates that this Court has subject matter jurisdiction both under **28**

**U.S.C. § 1332(a)(1)** and **ERISA**. Under § 1332, diversity exists if there is diversity between the stakeholder and all claimants. *Lee v. West Coast Life Insurance Co.*, **688 F.3d 1004, 1008 (9th Cir. 2012).** However, contrary to what the Turpins argue, the claimants need not be diverse amongst themselves. *Hussain v. Boston Old Colony Ins. Co.*, **311 F.3d 623, 635 n. 46 (5th Cir. 2002);** *State Street Bank and Trust Co. v. Denman Tire Corp.*, **240 F.3d 83, 89 n. 4 (1st Cir. 2001).** Here, the Turpins argue that diversity is lacking because they and one of the Trustee Defendants are from Illinois. But Rule 22 does not require that the claimants each be diverse, only that the stakeholder and claimants be diverse.

However, the Court notes a more pressing problem with the complaint's allegation of diversity, namely that Travelers' complaint alleges that the Turpins are "residents" of Illinois (Doc. 4 at ¶ 2). But to invoke diversity jurisdiction, a person must be alleged to be a citizen of a state, not a resident.[1] *Meyerson v. Harrah's E. Chicago Casino*, **299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction.");** *Tylka v. Gerber Prods. Co.*, **211 F.3d 445, 448 (7th Cir. 2000)("[A]llegations of residence are insufficient to establish diversity jurisdiction. It is well settled that when the parties allege residence but not citizenship, the court must dismiss the suit." (internal quotations omitted)).** Thus, in order to properly allege diversity jurisdiction, Travelers must allege that the Turpins are *citizens* of Illinois, not *residents,* and that the Trustees are citizens of states diverse from Travelers. *Grede v. Bank of New York Mellon*, **598 F.3d 899, 901 (7th Cir. 2010) (trust's citizenship is that of its trustees).** Its complaint, in its present state, does

---

[1] The Trustees contend that the Turpins have waived any challenge to subject matter jurisdiction. But, subject matter jurisdiction cannot be waived. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, **456 U.S. 694, 702, 102 S.Ct. 2099 (1982)(parties cannot waive subject matter jurisdiction and estoppel does not apply).**

Page **4** of **13**

not properly allege diversity jurisdiction.

Travelers' complaint also asserts federal jurisdiction under the **Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001** *et seq.* § 502(a) of ERISA sets forth when an individual may bring civil claims under the ERISA statute. **29 U.S.C. § 1132(a).** In order to determine whether a claim falls within § 502(a), and thus has federal question jurisdiction, the court looks at three factors: "(1) whether the plaintiff is eligible to bring a claim under § 502(a); (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision enforceable via § 502(a); and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law." *Jass v. Prudential Health Care, Inc.*, **88 F.3d 1482, 1487 (7th Cir. 1996).** § 502(a) provides the list of those individuals which are allowed to bring a civil action under ERISA. These individuals include a participant, beneficiary, fiduciary, or the Secretary. **29 U.S.C. § 1132(a).** Nothing in the statute allows a third-party insurance carrier to bring a claim under ERISA for disputed funds, nor have the parties cited to such authority. "[F]ederal jurisdiction in ERISA is limited to suits brought by certain parties" outlined in § 502(a) and suits for relief by other parties not enumerated do not fall within federal jurisdiction under ERISA. *Hansen v. Harper Excavating, Inc.*, **641 F.3d 1216, 1222 (10th Cir. 2011) (quoting** *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, **463 U.S. 1, 21, 27, 103 S.Ct. 2841 (1983)).** As Travelers is a third-party insurer who does not fall within one of the categories of parties allowed to bring suit under § 502(a), it cannot properly invoke ERISA jurisdiction.

Thus, the Court finds that, as pled, the Court lacks jurisdiction over Traverlers' interpleader complaint. The Court does not have federal jurisdiction under ERISA as Travelers is not a party authorized to bring suit under § 502(a) and it is not clear to the Court that it has diversity jurisdiction as

Travelers has alleged that the Turpins are residents of Illinois as opposed to citizens. The Court, however, would have jurisdiction over Traverlers' interpleader action if it properly alleged that the Turpins were *citizens* of Illinois and that the Trustees were citizens of states diverse from Travelers. Thus, the Court **GRANTS** the Turpins' motion to dismiss as to Travelers' interpleader complaint but will allow Travelers an opportunity to amend its complaint in order to properly allege diversity jurisdiction. Accordingly, Travelers has twenty-one (21) days, up to and including April 13, 2015, to file an amended complaint properly alleging diversity jurisdiction. Should Travelers fail to file an amended complaint, the Court will dismiss Travelers' claims without prejudice for lack of subject matter jurisdiction.

**B.     Jurisdiction of the Counterclaims and Crossclaim**

The Court notes that both the Turpins and the Trustee Defendants have filed counterclaims. The Trustee Defendants have further filed a crossclaim against the Turpins. The Court may keep these claims if it properly has subject matter jurisdiction to hear them.

### 1.  *Turpins' Counterclaim against Travelers*

Defendants Jack and Fern Turpin have filed a counterclaim against Travelers alleging that they are entitled to $300,000 in underinsured motorist coverage under their stacked policies with Travelers, rather than the $100,000 Travelers seeks to interplead (Doc. 13). Their counterclaim asks that the Court either deny Travelers request to interplead $100,000 entirely or require that Travelers interplead $300,000 before being dismissed from the case (*Id.*). As part of their counterclaim, the Turpins acknowledge that they are residents of Illinois (Doc. 13 at ¶ 2). Thus, this counterclaim suffers from the same fate as the interpleader complaint. The Turpins' answer and counterclaim admit that they are "residents" of Illinois and nowhere in their counterclaim do they indicate that they are citizens of

Illinois for diversity purposes. Thus, this Court does not currently have diversity jurisdiction over the counterclaim. Further, the Turpins' counterclaim is just against Travelers for $300,000 under their underinsured motorist policy. Thus, there is no indication that this issue is a federal question or that the Court has any jurisdiction on this claim under ERISA. Accordingly, the Court finds that it lacks subject matter jurisdiction as to the Turpins' counterclaim (Doc. 13). However, as with the interpleader complaint, the Court will allow the Turpins leave to amend their counterclaim in order to properly plead diversity jurisdiction. If Travelers files an amended interpleader, then the Turpins will have the normal response time, twenty-one days, up to an including May 4, 2015, to both respond to the interpleader complaint and file its amended counterclaim. Should Travelers choose not to amend its interpleader, then the Turpins will have twenty-one days from Travelers deadline, up to and including May 4, 2015, to file its amended counterclaim in this case. Failure to file an amended counterclaim will result in a dismissal of the counterclaim without prejudice.

### 2. *Trustee Defendants' Counterclaim and Crossclaim*

The Trustee Defendants have filed both a counterclaim against Travelers and a crossclaim against the Turpins pursuant to ERISA. ERISA § 502(a)(3) authorizes a fiduciary, like the Trustee Defendants, "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." **29 U.S.C. § 1132(a)(3).** The Turpins argue, albeit as to the interpleader complaint, that the relief that the Trustee Defendants seek is not equitable relief as is required under ERISA. *See* **29 U.S.C. § 1132(a)(3)(B).** If the relief is not equitable, then the case does not arise under federal law and this Court lacks subject matter jurisdiction. *Admin. Comm. of the Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v.*

*Varco*, **338 F.3d 680, 686-88 (7th Cir. 2003).**

In determining whether the recovery of paid benefits from the beneficiary are equitable for ERISA purposes, the Supreme Court has noted that the label of the claim is not determinative, rather courts must look at the nature of the underlying remedy and the basis of the claim. *Great-West Life & Annuity Insurance v. Knudson*, **534 U.S. 204, 212-213, 122 S.Ct. 708 (2002).** In *Knudson*, the Court held that an action for restitution which seeks to hold a beneficiary personally liable for the benefits provided by the fund is not a claim in equity under § 502(a)(3). Where the basis of a plan's claim is that the "[plan] is contractually entitled to *some* funds for benefits that they conferred" the restitution sought is not equitable (i.e. "the imposition of a constructive trust or equitable lien on particular property") but rather legal in nature ("the imposition of personal liability for the benefits that they conferred upon respondents"). *Id.* **at 214-215, 122 S.Ct. 708.** Restitution is equitable when there is "a claim to specific property (or its proceeds) held by the defendant" rather than seeking recovery from a defendant's general assets. *Id.*

The Supreme Court has also found that where a plan sought "specifically identifiable funds that were within the possession and control of the beneficiaries", such relief is equitable. *Sereboff v. Mid Atlantic Medical Services, Inc.*, **547 U.S. 356, 262-63, 126 S.Ct. 1869 (2006) (the plan sought a portion of the Sereboff's settlement set aside in an investment account while the case was pending).** The Court also noted that the fact that the plan's action was one for breach of contract was not determinative of whether the claim was proper under § 502(a)(3), rather the question was whether the remedy sought to enforce the plan terms was "equitable." *Id.* **at 363, 126 S.Ct. 1869.** The plan's claim in *Sereboff* was distinguished from that in *Knudson* as it "did not simply seek to impose personal liability" but "sought its recovery through a constructive trust or equitable lien on a

specifically identified fund, not from Sereboff's assets generally." *Id.* **at 362-363, 126 S.Ct. 1869.** Looking at the contract provisions in *Sereboff*, the Supreme Court noted that the provision in the plan specifically identified a fund, distinct from the Sereboff's general assets, and a particular share of those funds that the plan was entitled to; thus, the plan "could rely on a familiar rul[e] of equity to collect for the medical bills it had paid", allowing them to "follow a portion of the recovery into the [Sereboff's] hands as soon as [the settlement fund] was identified." *Id.* **at 364, 126 S.Ct. 1869.**

Since its ruling in *Sereboff*, the Court has allowed a claim by a fiduciary to recover funds it expended from a settlement the beneficiary received from both the driver responsible for the accident and its own automobile insurer. *See US Airways, Inc. v. McCutchen*, **133 S.Ct. 1537, 1544, 185 L.Ed.2d 654 (2013) ("A health-plan administrator…may bring suit under § 502(a)(3) for appropriate equitable relief…to enforce…the terms of the plan" a provision which "authorizes the kinds of relief typically available in equity in the days of the divided bench, before law and equity merged."(internal citations omitted)).** The Seventh Circuit has also applied the principles in *Sereboff*, allowing a plan to bring a counterclaim under § 502(a)(3) even if the funds sought by the plan were "not specifically traceable to [the beneficiary's] current assets because of commingling or dissipation" because the plan terms created an equitable lien between the plan and the beneficiary. *Gutta v. Standard Select Trust Inc. Plans*, **530 F.3d 614, 621 (7th Cir. 2008).**

Here, as to the Trustees' crossclaim against the Turpins, the Court finds that the $100,000 the Trustees seek is not in the possession and control of the Turpins. As this Court has dismissed the interpleader claim, there is no specifically identifiable funds within the Turpins' control. While the Trustees note that once the Court allows Travelers to interplead the funds, there will be a payment/settlement in the Turpins' control, that has not yet happened and will not occur at this time

due to the Court's lack of subject matter jurisdiction over the interpleader claim. Without the interpleading of the $100,000 insurance policy, the Court finds no "specifically identified fund" separate from the Turpins' general assets. *Sereboff*, **547 U.S. at 364, 126 S.Ct. 1869.** Instead, the Trustees are left with merely going after the Turpins for the $100,000 of the "benefit that they conferred upon" the Turpins, which is not equitable in nature. *Knudson*, **534 U.S. at 215, 122 S.Ct. 708.** Thus, the Court does not have jurisdiction over the Trustees' crossclaim.

The Court does note that the terms of the fund in this case allow the Trustees to "require [a] claim to be filed against a covered person's uninsured or underinsured portion of their own automobile policy in order to satisfy the balance." (Doc. 34 at p. 4). Thus, there is a possibility that the Trustees could bring a proper claim under § 502(2)(3) for equitable relief should they bring a claim against the Turpins for either declaratory or injunctive relief requiring the Turpins, under the terms of the plan, to bring a claim against their underinsured motorist insurance. But as the Trustees have only sought the proceeds of the insurance policy in their crossclaim, their claim for those funds must fail as it is not equitable in nature. As the Court has allowed both the Turpins and Travelers leave to amend their respective pleadings, the Court will also allow the Trustees leave in order to attempt to bring a proper claim under § 502(a)(3) for equitable relief.

The Court also finds that it lacks subject matter jurisdiction over the Trustees' counterclaim against Travelers. The Seventh Circuit has stated that third-parties not a party to the plan, cannot be bound to the plan agreement. *Trustees of Cent. States Health & Welfare Fund v. State Farm*, **17 F.3d 1081, 1084 (7th Cir. 1994) (The Seventh Circuit noted that the insurance company in the case, State Farm, was "under no obligation to recognize the [f]und's subrogation rights prior to or at the time State Farm" settled with the beneficiaries.).** Since that ruling, the

Supreme Court, in *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, **530 U.S. 238, 249-50, 120 S.Ct. 2180 (2000)** has found that § 502(a)(3) does authorize a civil action against a third-party for equitable relief to redress violations of or enforcing any provisions of ERISA or plan terms. *Harris Trust*, **530 U.S. at 246, 120 S.Ct. 2180** (t**he Court found that a claim for restitution could be made against a "transferee of tainted plan assets" finding that such a claim was appropriate under § 502(a)(3) and sought equitable relief).** Other circuits have also allowed a plan to maintain an action under § 502(a)(3) against an attorney holding settlement funds belonging to the plan. *See Longaberger Company v. Kolt*, **586 F.3d 459 (6th Cir. 2009) (plan properly brought claim for reimbursement against beneficiary and beneficiary's attorney, who held funds from settlement in a tort action in a lawyer's trust account).** *Central States, Southeast and Southwest Areas Health and Welfare Fund ex. rel. McDougall v. Lewis*, **871 F.Supp.2d 771, 777 (N.D. Ill. May 15, 2012) (citing cases).**

The case before this Court, however, is much different than the ones presented in *Harris* or its progeny. Here, the Trustees seek funds from an uninsured motorist policy which has not settled with the beneficiary. The Second Circuit, in ruling on an ERISA employee welfare benefit plan's direct claim against a third-party insurer, found that such a claim for reimbursement was not equitable and that no equitable lien was established against the insurer under the terms of the plan. *Central States, Southeast and Southwest Areas Health and Welfare Fund v. Gerber Life Ins. Co.*, **771 F.3d 150 (2nd Cir. 2014).** In that case, the Second Circuit noted that the terms of the plan created no agreement for reimbursement between the plan and the insurer as the insurer was a third-party and not a party to the agreement, thus there was no equitable lien created against the third-party insurer. *Id.* **at 156-57.** Instead, the plan merely sought compensation from the insurer for the beneficiaries'

Page **11** of **13**

claims. *Id.* **at 158.**  Similarly, in this case, there is no agreement between the Trustees and Travelers which specifically identifies funds or a specific share of funds to which the Trustees were entitled, nor is there any agreement which establishes a constructive trust or equitable lien against Travelers. Travelers was not a party to the agreement between the Trustees and the Turpins.  Further, there are no funds in Travelers' possession which are held by Travelers that would constitute a settlement fund or a recovery held in trust for the Turpins that the Trustees could identify, as, without the interpleader action, there is no indication that Travelers intends to tender a claim on the uninsured motorist policy. *Longaberger Company,* **586 F.3d at 459.**  Accordingly, the Court finds that it lacks subject matter jurisdiction over the Trustees counterclaim against Travelers as the recovery it seeks is not equitable under § 502(a)(3).

      Although the claims the Trustees raised against Travelers do not invoke federal question subject matter jurisdiction, the Trustees may be able to invoke diversity jurisdiction against Travelers. Such a claim could be brought under diversity under the contractual terms of the Trustees' agreement with the Turpins that allow them to bring a direct claim against liable third parties as the Turpins' subrogee.  However, in order to do so, the Trustees would need to properly allege diversity by the citizenship of the Trustees and Travelers in order for this Court to have proper jurisdiction.

      Thus, the Court will allow the Trustees leave to amend their counterclaim and crossclaim. If Travelers files an amended interpleader, then the Trustees will have the normal response time, twenty-one days, up to an including May 4, 2015, to both respond to the interpleader complaint and file their amended counterclaim and amended crossclaim.  Should Travelers choose not to amend its interpleader, then the Trustees will have twenty-one days from Travelers deadline, up to and including May 4, 2015, to file its amended counterclaim and crossclaim in this case.  Failure to file an amended

counterclaim and/or crossclaim will result in a dismissal of the counterclaim without prejudice.

C.     **Motion to Compel Interpleader Funds**

In light of the Court's dismissal of the interpleader claim for lack of jurisdiction, the Trustees' motion to compel interpleader funds is now moot. Thus, the Court **DENIES AS MOOT** the Trustees' motion to compel interpleader funds (Docs. 35 and 36).

IV.     Conclusion

Accordingly, the Court **GRANTS** the Turpins' Motion to Dismiss for Lack of Jurisdiction (Docs. 30 and 31) as the Court lacks subject matter jurisdiction over Travelers' interpleader petition. The Court also finds that it lacks subject matter jurisdiction of the Turpins' counterclaim and the Trustee Defendants' crossclaim and counterclaim. However, the Court **GRANTS** all parties leave to amend their respective pleadings as set forth in this Order. Travelers will have up to and including April 13, 2015 in which to file its amended pleadings. Should Travelers file their amended interpleader, the Trustees and the Turpins will have up to and including May 4, 2014 in which to respond to the interpleader and file their amended crossclaims and counterclaims. Should Travelers choose not to amend its interpleader, the Trustees and the Turpins will have until May 4, 2014 to file their amended crossclaims and counterclaims in this case. Any pleading not amended by the Court's deadline will be dismissed without prejudice. In light of the Court's lack of jurisdiction over the interpleader petition, the Court **DENIES as moot** the Trustees' Motion to Compel Interpleader Funds (Docs. 35 and 36).

**IT IS SO ORDERED**.     Dated:   March 23, 2015.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge